MARY C. SNYDER, RESPONDENT, *v.* OLIVER P. GUTHRIE AND CAROLINE CLEVELAND, AS ADMINISTRATORS, ETC., OF JOHN L. CLEVELAND, DECEASED, APPELLANTS.

*Agreement—when void for want of consideration.*

Where a father, who was the owner of a farm and entitled to the possession thereof, agreed with his daughter to lease the same from her and pay a stipulated rent therefor, and did thereafter pay to her certain sums on account of the said rent, *Held,* that the payments actually made took effect as gifts, but that his promise to continue such payments for the future, was void, for want of any consideration to support it, and could not, after his death, be enforced against his representatives either at law or in equity.

APPEAL from an order confirming the report of a referee, appointed to hear and determine a claim made against the estate of the defendant intestate, and denying a motion for a new trial, and also from the judgment entered upon the said report.

*J. McGuire,* for the appellants.

*Ralph T. Wood,* for the respondent.

TALCOTT, P. J.:

This case presents an appeal from an order confirming the report of a referee, and denying a new trial in the case of a claim against the estate of John L. Cleveland, an intestate, by Mary C. Snyder, one of his daughters, and which, under the statute in such case provided, was referred to a referee to be tried and determined, and also from the judgment entered on the report of the said referee.

The principal ground of objection to the report of the referee is founded on the claim made by the defendants, that a portion of the amount allowed by the referee consists of rent reserved upon a lease

made by the claimant to the intestate, of a certain farm in the town of Benton, Yates county, claimed to have been made by parol in 1874. It is conceded that the intestate was the owner of this farm and had been such for many years, but had permitted the same to be occupied by the said Mary C. Snyder and her husband and family from March, 1870, and there seems to have been a parol agreement or understanding between the intestate and Mrs. Snyder, that the farm and everything upon it was to belong to Mrs. Snyder. The husband of Mrs. Snyder testified: "I heard John L. Cleveland tell my wife, says he, Charlotte, you be just as independent as you have a mind to be. I give you everything in the house and the farm with it to do as you have a mind to with." In December, 1874, Mrs. Snyder's husband, with the family, removed to Michigan, and it is claimed by Mrs. Snyder that on that occasion she made a parol lease of the farm to the intestate, to commence April 1, 1875, at $450 per year, with the privilege that the intestate should, if he should so elect, keep it for five years on the same terms. It seems that this agreement was made when Mrs. Snyder was about to rent the place to one Legg, and the intestate being dissatisfied therewith, and desiring to retain some part of the premises for his personal use when he should be at Benton, said he would pay Mrs. Snyder for the use of the place and then he could rent to whom he pleased. Mrs. Snyder said nothing against the proposition or scheme, and this seems to be about the substance of what is claimed to be the parol hiring by the intestate of Mrs. Snyder. At all events, it appears that the intestate, by a lease bearing date on November 21, 1874, executed a formal lease of the farm to one Elvira Briggs of Benton, under hand and seal, for the term of three (or five) years from April 1, 1875, reserving to *himself* the annual rent of $450, payable in advance, and subject to other conditions specified in the lease. The intestate died in September, 1876, but had paid over or caused to be paid over to Mrs. Snyder the whole or a part of the rent which had accrued in the meantime on the lease from him to Elvira Briggs.

The referee wholly omits to find the fact, which we understand on the argument of this appeal to have been conceded upon both sides, that the intestate was the owner of the farm during all the

time of these transactions, or even to find that the said Mary C. Snyder, the claimant, had or claimed any equitable title to the said farm, but simply finds the fact that Cleveland, the intestate, on or about October 15, 1874, leased or hired of the plaintiff the said farm for a period of three or five years, at his option, at an agreed rent of $450 each year, to commence April 1, 1875, and that the said Cleveland immediately entered into the possession and enjoyment of the premises, and immediately thereupon sublet the premises to Elvira Briggs, who entered and has paid the rent therefor, to said Cleveland during his lifetime, and since his death to his administrators. And the said referee has also reported amongst other things that the estate of the said intestate was indebted to the said Mary C. Snyder for the rent of the said premises for the years ending March 31, 1876 and 1877, and for the year ending March 31, 1878, making in all $1,350, and in his statement of the account has given credit to the estate for the sum of $500, as paid on account of such rent; and finds among his conclusions of law that the plaintiff is entitled to recover of the defendants, amongst other things, the said sum of $1,350, with the interest thereon; and has reported as due from the estate the sum of $1,378.90 as a balance of the account, which balance is mostly composed of the rent claimed to be due to Mrs. Snyder upon the said lease of the farm in question to the intestate. The findings of fact and conclusions of law were all excepted to; the other findings of fact, not hereinbefore especially referred to, relate to certain claims of Mrs. Snyder for certain personal property alleged to have been sold to. the intestate in his lifetime, the testimony concerning which it is unnecessary to examine in detail.

The referee has obviously proceeded upon the ground that the supposed arrangement between the intestate and Mrs. Snyder, whereby Mrs. Snyder is supposed to have leased the farm to the intestate, created a legal obligation on the part of the intestate to pay over to Mrs. Snyder the rent, which he had reserved in his lease to Elvira Briggs. We do not understand upon what legal principle this proposition can be sustained, even if there had been an absolute and clear written agreement to that effect.

The intestate was himself the undisputed owner, and entitled to the possession of the farm, and entitled in his own right to receive the rents, issues, and profits thereof. So far as he chose to pay, or cause them to be paid to Mrs. Snyder, such payment would take effect as a gift to her, but his promise to continue such payments for the future would be a mere *nudum pactum*, without any consideration to support it, and cannot be enforced against his representatives, in law or equity. The whole foundation of Mrs. Snyder's claim, so far as it consists of demand for the rent of the farm not paid over to her by the deceased, or under his direction in his lifetime, fails, and the referee erred in allowing it, or any part of it, as a claim against the administrators.

The order of confirmation appealed from, and the judgment, are reversed, and a new trial ordered ; costs to abide the event.

Present, TALCOTT, P. J.; SMITH and HARDIN, JJ.

Order and judgment appealed from reversed, and new trial ordered before another referee. Costs to abide event.